UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JANE DOE (M.H.) § | |
| § | |
| v. § | CIVIL NO. 4:22-CV-198-SDJ |
| § | |
| G6 HOSPITALITY LLC, ET AL. § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Unopposed Motion to Proceed Under a Pseudonym. (Dkt. #31). Having considered the motion and the relevant law, the Court **GRANTS** the motion.

### I. BACKGROUND

In 2012, sex traffickers forcibly took Plaintiff Jane Doe ("M.H.") to a Motel 6 in Phoenix, Arizona, where they forced her, along with other victims, to engage in commercial sex acts from June to August of that year. The traffickers were physically and psychologically violent toward M. H., and she suffered physical and mental injuries as a result.

M.H. alleges that Defendants (collectively, the "G6 Defendants") own and operate the Phoenix Motel 6. She further alleges that there were numerous red flags that should have alerted Motel 6 personnel to the trafficking, including that M.H. showed signs of abuse, there was a constant flow of men into the room(s) M.H. was held in, the traffickers actively solicited male patrons at the Motel 6, and there were excessive amounts of sex paraphernalia in the room(s) in which M.H. was held. She

1

alleges that each of these events, among others, occurred in the presence of or were visible to Motel 6 personnel.

Based on these facts, M.H. alleges that the G6 Defendants knowingly benefited financially from participating in the trafficking venture, in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 28 U.S.C. § 1595. She brings this civil lawsuit to seek compensation for the harms and losses she sustained, and she now requests to proceed pseudonymously to protect her identity.

## II. LEGAL STANDARD

Rule 10(a) commands that the title of every complaint "must name all the parties." FED. R. CIV. P. 10(a). And under Rule 17, every "action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). The Federal Rules of Civil Procedure do not include provisions for plaintiffs wishing to proceed anonymously. *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Under certain special circumstances, however, courts have allowed plaintiffs to conceal their true identities. *See id.* at 712–13 (explaining that where issues in a case are "of a sensitive and highly personal nature," such as birth control, abortion, homosexuality, and welfare rights, pseudonyms may be appropriate (cleaned up)).

While there is no specific formula for determining whether a party may sue anonymously, in making such a determination, courts must balance the "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings."

*Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The Fifth Circuit has identified three factors to consider when determining whether to permit a plaintiff to proceed under a fictitious name: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* at 185 (also noting that these factors do not form a "rigid, three-step test").

Courts have also considered other circumstances, including whether plaintiffs may expect extensive harassment or threats of violence if their names are revealed, along with a party's age and vulnerability, weighed against any prejudicial impact on the defending parties. *See id.* at 186; *Roe v. Patterson*, No. 4:19-CV-179-ALM-KPJ, 2019 WL 2407380, at *3 (E.D. Tex. June 3, 2019); *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-656-BLF, 2020 WL 4368214, at *9 (N.D. Cal. July 30, 2020). Courts should therefore "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citing *Wynne & Jaffe,* 599 F.2d at 713).

When a plaintiff has demonstrated a need for anonymity, the court should use its powers to manage pretrial proceedings under Rule 16(b) and to issue protective orders limiting disclosure of the party's name under Rule 26(c) "to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing

party's ability to litigate the case." *Wyndham Hotels*, 2020 WL 4368214, at *9 (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000)) (citing FED. R. CIV. P. 16(b), 26(c)).

### III. DISCUSSION

After carefully considering the circumstances of this case, the Court concludes that M.H. should be permitted to proceed under a pseudonym at this stage of litigation. As M.H. asserts in her unopposed motion, the prosecution of this suit clearly has and will continue to compel M.H. to disclose information of the utmost intimacy. M.H. further asserts that she fears physical retaliation against her and her young son should her identity be revealed, particularly given that her trafficker has continuously tried to reach her through social media, increasing the need for her to proceed anonymously. (Dkt. #31 at 3).

In the parties' Stipulated Protective Order Regarding Plaintiff's Identity, the parties explain that upon having filed the stipulated order with the Court, M.H. will reveal her identity and her trafficker's identity to the G6 Defendants so that they may investigate M.H.'s allegations. (Dkt. #31-1 ¶ 1). The parties also included a detailed list of individuals to whom the identities may be disclosed for the purposes of this litigation. They further note a current dispute regarding whether and under what circumstances the G6 Defendants may disclose M.H.'s identity to her trafficker or related individuals in the course of the litigation, and the parties have agreed to meet and confer, and seek the Court's evaluation if necessary, to resolve any future

4

disputes on the matter. (Dkt. #31-1 ¶ 5). The parties also expressly reserve the right to reassess Plaintiff's right to proceed pseudonymously at trial. (Dkt. #31-1 ¶ 3).

Another district court ruled on this precise issue in a legally and factually similar case. *See Wyndham Hotels*, 2020 WL 4368214, at *10. In *Wyndham Hotels*, the court allowed Plaintiff B.M., also a sex-trafficking survivor suing hotel chains for alleged violations of the TVRPA, to proceed under a fictious name because the case involved the disclosure of sensitive and highly personal information, and as such, her "need for anonymity outweigh[ed] the risk of prejudice to Defendants and the public interest in knowing her identity." *Id*. The court also reasoned that there was a low risk of prejudice to the defendants at the pre-trial stage because B.M. agreed to reveal her identity so that the defendants could investigate her claims. *Id*. Further, the court explained that allowing B.M. to proceed anonymously did not threaten the public interest, as the basic facts were on the record, and importantly, because "allowing victims of sexual assault to proceed anonymously serves [a] strong public interest because other victims will not be deterred from reporting such crimes." *Id*.

This Court has also permitted a victim of sexual assault to proceed anonymously. *See Roe*, 2019 WL 2407380, at *5. In *Roe*, the complaint "include[d] intimate details regarding the nature of the alleged multiple assaults Plaintiff suffered," and Roe asserted that she suffered "physical and emotional injury, loss of self-esteem, disgrace, and humiliation, as well as spiritual suffering due to her devout Christian beliefs." *Id*. at *4. The Court concluded that "protecting Plaintiff's identity in this case at this time is necessary to protect Plaintiff's confidentiality and dignity

and to prevent additional psychological harm." *Id.* The Court further reasoned that the defendants would not be prejudiced because they were already aware of Roe's and her assailant's identities. *Id.* at *5.

The reasoning of *Wyndham Hotels* and *Roe* directly apply here. M.H. is a sex-trafficking survivor, and her filing and the litigation of this case require the disclosure of details of the utmost intimacy—including multiple forced sex acts, other physical violence, and psychological harm. The G6 Defendants do not oppose the motion, M.H. has presumably already revealed her and her trafficker's identity to the G6 Defendants for the purpose of investigating her claims, and the parties agree to reassess the need for M.H. to proceed pseudonymously at later stages of this lawsuit. There is therefore no prejudice to the G6 Defendants that will result from allowing M.H. to proceed pseudonymously. M.H.'s need to protect her identity outweighs the public interest in knowing her identity and the "presumption of openness of judicial proceedings." *Stegall*, 653 F.2d at 186; *see also Wyndham Hotels*, 2020 WL 4368214, at *10; *Roe*, 2019 WL 2407380, at *5. M.H.'s fear of violent retaliation should her identity be revealed bolsters the Court's conclusion. *See Stegall*, 653 F.2d at 186; *Roe*, 2019 WL 2407380, at *5.

### IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Plaintiff's Unopposed Motion to Proceed Under a Pseudonym, (Dkt. #31), is **GRANTED**. The Court will enter the parties' Stipulated Protective Order Regarding Plaintiff's Identity, (Dkt. #31-1), by separate order.

6

**So ORDERED and SIGNED this 7th day of July, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE